**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| Rädlinger Primus Line GmbH and Raedlinger Primus Line, Inc., | C.A. No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT & JURY DEMAND** |
| Primus Pipe and Tube, Inc., | |
| Defendant. | |

<u>**COMPLAINT AND JURY DEMAND**</u>

This is an action for trademark and trade name infringement, false designation of origin, and unfair competition. Plaintiffs Rädlinger Primus Line GmbH and Raedlinger Primus Line, Inc. (collectively, "Primus Line") alleges as follows for its complaint against Defendant Primus Pipe and Tube, Inc. ("Primus Pipe"):

**NATURE OF THE ACTION**

1.      Primus Line seeks damages and injunctive relief for trademark and trade name infringement, false designation of origin, and unfair competition by Defendant Primus Pipe and Tube in violation of the laws of the United States and the State of Florida. Defendant Primus Pipe and Tube's use of the PRIMUS company name and trademarks in connection with pipes and tubes, despite knowledge of Primus Line's use of the PRIMUS company name and trademarks in connection with pipes and tubes, among other things, constitutes willful violation of Primus Line's rights.

## PARTIES

2.    Plaintiff Rädlinger Primus Line GmbH is a corporation duly organized and existing under the laws of Germany and having its principal place of business at Kammerdorfer Strasse 16, Cham, Germany 93413.

3.    Plaintiff Raedlinger Primus Line, Inc. is a corporation duly organized and existing under the laws of the State of North Carolina and having its principal place of business at 112 S. Tyron Street, Suite 1500, Charlotte, North Carolina 28284.

4.    Defendant Primus Pipe and Tube, Inc., is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware having its place of business at 5855 Obispo Avenue, Long Beach, California 90805, United States.

5.    Upon information and belief, Defendant Primus Pipe and Tube, Inc.'s primary facility is located at 241 W. Clarke Street, Wildwood, Florida 34785, United States.

6.    Upon information and belief, Primus Pipe and Tube, Inc. is a subsidiary of Ta Chen International ("TCI") and Ta Chen Stainless Pipe Co., Ltd., a Taiwanese company that has a number of locations and subsidiaries in the United States that provide pipes, tubes, and piping products of various sizes and uses.

## JURISDICTION AND VENUE

7.    This action arises under federal law, state law, and common law. The federal law claims are federal trademark and trade name infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and federal false designation of origin and unfair competition in violation of the Lanham Act (15 U.S.C. § 1125(a)). The state and common law claims are trademark infringement and unfair competition in violation of Florida statutory law and common law.

8.    This Court has original subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)–(b) (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act).

9.    This Court has supplemental subject matter jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

10.    This Court has personal jurisdiction over Defendant Primus Pipe and Tube because Primus Pipe is incorporated in the State of Delaware. This Court has both specific and general personal jurisdiction over Defendant Primus Pipe and Tube. Defendant Primus Pipe and Tube is subject to this Court's general personal jurisdiction because it is at home in the State of Delaware and the exercise of jurisdiction would be reasonable.

11.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)–(c) because, *inter alia*, Defendant resides in this district and is subject to personal jurisdiction in Delaware.

## BACKGROUND

### *Plaintiff Primus Line and Its PRIMUS Company Name and Trademarks*

12.    Plaintiff Rädlinger Primus Line GmbH was founded in Germany in 2001 by the Werner Rädlinger Group, a family-run group of companies, in order to create an innovative product for safe, reliable, and sustainable trenchless rehabilitation of pressurized pipes for different applications, such as water, gas, and oil, and the construction of freely layable pipelines. After five years of intensive development work, Primus Line released its product to the market in 2001.

13.    Today, Primus Line continues to be family-run and has offices around the world, including in the United States, Canada, Australia, and China, serving customers globally.

14.    Primus Line is a pipe and tube company in the business of providing goods and services in the fields of pipes and tubes, including pipes, tubes, and services relating to the

installation, maintenance, and repair of pipelines (the "Primus Line Goods and Services") to contractors, engineering companies, pipe owners, and municipalities.

15.    Primus Line currently offers the Primus Line Rehab system for the trenchless rehabilitation of pressure pipes, as well as the Primus Line Overland Piping system for flexible above-ground pipes.

16.    The Primus Line Rehab system is an environmentally oriented technology for rehabilitating aging pipelines, including pipelines for transporting water, gas, and oil, among other things. *See* https://www.primusline.com/en-us/rehabilitation/system (last accessed September 24, 2024). The Primus Line Rehab system is a loose-fit process, meaning that an annular space remains between the inserted liner and existing pipe, and the Primus Liner functions like a new pipe within the existing pipe, taking the internal operating pressure off the aging pipe and facilitating the calculation of remaining service life of the pipe.

17.    As part of the Primus Line Rehab system, Primus Line offers a Primus Line Test Piece, which is a metal pipe integrated into the pipe network at the end of a rehabilitated section used to check the condition of the pipe as its service life progresses. The Primus Line Test Piece is a two-meter long metal pipe spool with the Primus Liner inside and Primus Line connectors at the ends, as shown below.



https://www.linkedin.com/posts/r-dlinger-primus-line-gmbh_do-you-know-the-primus-line-test-piece-activity-7229468060271693824-OTxM?utm_source=share&utm_medium=member_desktop (last accessed September 24, 2024).

18.    The Primus Line Test Piece usually consists of two half-shell pipes screwed together, which can be wholly removed to test for tightness and chemical resistance. Regular inspection of the Primus Line Test Piece gives the pipe operator additional planning and operational reliability. *Id.*

19.    The Primus Line Overland Piping system is an environmentally oriented, quick-to-install and reusable solution for creating above-ground pipes that can be flexibly unrolled and rolled up again and that adapts naturally to changes in direction and uneven surfaces. *See* https://www.primusline.com/en/overland-piping/system.

20.    Since at least as early as May 2013, Primus Line has marketed and sold its pipes, tubes, and services relating to the installation, maintenance, and repair of gas and liquid pipeline in the United States in connection with PRIMUS-Formative marks (as defined below) to customers throughout the world, including customers in the United States.

21.    The PRIMUS-Formative marks include, but are not limited to, the following registered marks: U.S. Registration No. 4,693,008 for the mark PRIMUS LINE (plus design); and U.S. Registration No. 4,561,937 for the mark RÄDLINGER PRIMUS LINE.

22.    Primus Line promotes the Primus Line Goods and Services in connection with its PRIMUS-Formative marks across the United States, since at least as early as May 2013, through its website, www.primusline.com, social media, print and digital marketing materials, presentations and lectures to customers and potential customers, and through its active participation at industry conferences and active memberships in industry organizations, such as the National Association of Sewer Service Companies (NASSCO) or the American Water Works Association (AWWA).

23.    Primus Line is regularly mentioned in connection with its Primus Line Goods and Services in industry publications and third-party articles and press releases with worldwide distribution.

24.    Primus Line has invested substantial time, money, and effort to advertise and promote the Primus Line Goods and Services under PRIMUS-Formative marks in the United States. Primus Line prominently displays PRIMUS-Formative marks on its website. By virtue of its efforts, Primus Line has developed substantial recognition and goodwill in its mark.

25.    Plaintiff Rädlinger Primus Line GmbH owns U.S. Registration No. 4,693,008 for the mark PRIMUS LINE (plus design) in connection with: "Metal pipes; metal tubes" in International Class 6; "Non-metal tubes, namely, tubing made of textile material and high-strength threads for transport of gases and liquids" in International Class 17; and "Installation, maintenance and repair of gas and liquid pipelines" in International Class 37.

26.     A true and copy of the certificate of registration for U.S. Registration No. 4,693,008 is attached as Exhibit A.

27.     Plaintiff Rädlinger Primus Line GmbH owns U.S. Registration No. 4,561,937 for the mark RÄDLINGER PRIMUS LINE in connection with "Metal pipes; metal tubes" in International Class 6 and "Non-metal tubes, namely, tubing made of textile material and high-strength threads for transport of gases and liquids" in International Class 17.

28.     A true and correct copy of the certificate of registration for U.S. Registration No. 4,561,937 is attached as Exhibit B.

29.     Through Primus Line's significant and long-term promotional activities, its PRIMUS LINE company name and PRIMUS-Formative marks embody extensive goodwill and industry recognition.

### Defendant Primus Pipe and Tube and Its Unlawful Conduct

30.     Upon information and belief, on July 31, 2017, Outkumpu Stainless Pipe Inc. changed its name to Primus Pipe and Tube, Inc. by filing with the Secretary of State of the State of Delaware a Certificate of Amendment to its Restated Certificate of Incorporation. Upon information and belief, the name change became effective and Primus Pipe started using the Primus Pipe and Tube company name and PRIMUS-formative trademarks (the "Infringing PRIMUS Marks") on or after August 1, 2017, well after Primus Line started using its PRIMUS-Formative marks in connection with pipes and tubes and related services in the United States.

31.     Like Primus Line, Primus Pipe is a pipe and tube company, offering pipes and tubes and related services ("Primus Pipe Goods and Services").

32.    Like Primus Line, Primus Pipe refers to itself as "Primus." *See* http://www.primuspipeandtube.com/ (last accessed September 23, 2024) ("Let *Primus* be your source when quality and deliveries are critical") (emphasis added).

33.    Both companies use and display PRIMUS marks in a similar fashion on their websites. Primus Line, https://www.primusline.com/en-us/, and Primus Pipe, http://www.primuspipeandtube.com/default.html, display the PRIMUS-formative marks in the top-left corner of their respective websites:



34.    The Primus Pipe Goods and Services promoted and sold in connection with the Infringing PRIMUS Marks are identical, highly similar, and/or related to the Primus Line Goods and Services promoted and sold in connection with Primus Line's PRIMUS-Formative marks.

35.    Upon information and belief, both Primus Line and Primus Pipe market to the same class of consumers, including contractors, engineers, pipe owners, and municipalities. Primus Line produces pipes and tubes for safe, reliable, and sustainable trenchless rehabilitation of pressurized pipes and the construction of freely layable pipelines. Primus Pipe provides pipes and tubes, including large diameter heavy wall pipes. Both parties provide pipes and tubes.

36.    The PRIMUS element of the parties' respective marks are identical. They do not differ in sight, spelling, or pronunciation. Plaintiff Primus Line's PRIMUS-Formative marks are

highly similar to the Primus Pipe's Infringing PRIMUS Marks, as PRIMUS is the dominant element of both parties' marks, and the subordinate elements of the parties' marks, LINE and PIPE AND TUBE, respectively, are similarly descriptive.

37.    Upon information and belief, Primus Pipe uses and displays the Infringing PRIMUS Marks on its website, promotional materials, and social media to market and promote the Primus Pipe Goods and Services. Primus Pipe promotes the Infringing PRIMUS Marks and the Primus Pipe Goods and Services to construction projects and engineers across industries.

38.    There is significant overlap in the industries to which both Primus Line and Primus Pipe sell goods and services.

39.    Both Primus Line and Primus Pipe market their goods and services using the same channels of trade and media, including their websites and social media.

40.    Upon information and belief, Primus Pipe markets and sells the Primus Pipe Goods and Services under the Infringing PRIMUS Marks in the same geographic regions that Primus Line markets and sells the Primus Line Goods and Services under the PRIMUS-Formative marks, including, among other geographic locations, in the State of Florida.

41.    As a result of Primus Pipe's marketing and sale of the Primus Pipe Goods and Services in connection with the Infringing PRIMUS marks, consumers are likely to be confused such that consumers will erroneously believe that Primus Pipe is affiliated, connected, or associated with, or in some way related to Primus Line or the Primus Line Goods and Services offered under the PRIMUS Mark.

42.    Primus Pipe owns U.S. Application Serial No. 98/122,987 for the mark PRIMUS PIPE AND TUBE in connection with: "Stainless steel pipes; Stainless steel tubing; Tubes of nickel alloys; Nickel grade pipes; Carbon steel pipes" in International Class 6, filed on August 8, 2023.

43.     A true and copy of the application for U.S. Application Serial No. 98/122,987 is attached as Exhibit C.

44.     On April 12, 2024, the USPTO issued a Non-Final Office Action in connection with U.S. Application Serial No. 98/122,987, refusing registration of the PRIMUS PIPE AND TUBE mark based on a likelihood of confusion with Plaintiff Primus Line's trademark registrations for the marks PRIMUS LINE (plus design) (U.S. Reg. No. 4,693,008) and RÄDLINGER PRIMUS LINE (U.S. Reg. No. 4,561,937).

45.     A true and correct copy of the Non-Final Office Action issued by the USPTO against U.S. Application Serial No. 98/122,987 on April 12, 2024, is attached as Exhibit D.

46.     Primus Pipe owns U.S. Application Serial No. 98/122,977 for the mark P PRIMUS PIPE AND TUBE (plus design), shown below, in connection with: "Stainless steel pipes; Stainless steel tubing; Tubes of nickel alloys; Nickel grade pipes; Carbon steel pipes" in International Class 6, filed on August 8, 2023.



47.     A true and copy of the application for U.S. Application Serial No. 98/122,977 is attached as Exhibit E.

48.     On April 12, 2024, the USPTO issued a Non-Final Office Action in connection with U.S. Application Serial No. 98/122,977, refusing registration of the PRIMUS PIPE AND TUBE mark based on a likelihood of confusion with Plaintiff Primus Line's trademark registrations for the marks PRIMUS LINE (plus design) (U.S. Reg. No. 4,693,008) and RÄDLINGER PRIMUS LINE (U.S. Reg. No. 4,561,937).

49.    A true and correct copy of the Non-Final Office Action issued by the USPTO against U.S. Application Serial No. 98/122,977 on April 12, 2024, is attached as Exhibit F.

50.    On April 17, 2024, counsel for Primus Pipe contacted counsel for Primus Line, informing Primus Line that Primus Line's registrations were cited against Primus Pipe's trademark applications.

51.    On June 28, 2024, Primus Pipe filed a Petition for Cancellation of Class 6 of Primus Line's Registration Nos. 4,693,008 and 4,561,937 with the United States Trademark Trial and Appeal Board (Cancellation No. 92085573), seeking to cancel Primus Line's registrations for PRIMUS LINE and RÄDLINGER PRIMUS LINE with respect to Class 6 in connection with "Metal pipes; metal tubes," alleging non-use.

52.    Primus Pipe did not seek to cancel Plaintiff's registrations for PRIMUS LINE (plus design) (U.S. Reg. No. 4,693,008) and RÄDLINGER PRIMUS LINE (U.S. Reg. No. 4,561,937) in connection with the goods and services in International Classes 17 and 37.

53.    In a letter dated August 19, 2024, counsel for Primus Line confirmed that Primus Line uses its PRIMUS-Formative marks in connection with "Metal pipes; metal tubes" and notified Primus Pipe that it was infringing Primus Line's trademark rights by using the Infringing PRIMUS Marks in connection with pipes and tubes. Counsel for both parties engaged in further correspondence.

54.    Despite Primus Line's demand that Primus Pipe cease the use of the Infringing PRIMUS Marks, Primus Pipe has continued to use the Infringing PRIMUS Marks on its website, and in its online promotion.

55.    Primus Pipe is thereby willfully and purposefully using marks confusingly similar to Primus Line's registered marks for its own competing services and creating a false impression

that Primus Pipe and its goods and services are affiliated or related to Primus Line and Primus Line's goods and services, or that Primus Pipe is a successor or affiliate of Primus Line's business.

56.    For example, it is standard practice in the pipe and tube industry for consumers to search the NSF Public Health and Safety database to confirm whether a company they are considering for a project is NSF-certified, for example whether it is NSF61-certified. Consumers searching for "Primus" in the NSF database will get the following search results listing Primus Pipe and Tube, Inc. and Rädlinger Primus Line GmbH. Consumers may incorrectly assume that Primus Pipe and Tube, Inc. is a subsidiary of Rädlinger Primus Line GmbH and/or that the companies are otherwise related, given the shared PRIMUS mark.[1]



---

[1] *See* https://info.nsf.org/Certified/Common/Company.asp?CompanyName=primus&_gl=1*fn29yk*_ga*MTU3ODI1NTczNy4xNzI3Nzk3MDE1*_ga_P2KS3C05YD*MTcyNzc5NzAyMi4xLjEuM TcyNzc5NzI5MS41OC4wLjA.*_gcl_au*MTcwMzIwMjIyMy4xNzI3Nzk3MDIz*_ga_B3R74P 2MZC*MTcyNzc5NzAyMi4xLjEuMTcyNzc5NzI5MS41OC4wLjA.


The Public Health and Safety Organization

**Primus Pipe and Tube, Inc.**
NSF/ANSI/CAN 61 - Drinking Water System Components - Health Effects

**Primus Pipe and Tube, Inc.**
NSF/ANSI/CAN 372 - Drinking Water System Components - Lead Content

**Rädlinger primus line GmbH**
NSF/ANSI/CAN 61 - Drinking Water System Components - Health Effects

Number of matching Manufacturers is 3
Processing time was 0 seconds

57. Primus Pipe's unauthorized use of the Infringing PRIMUS Marks in connection with identical, highly similar and/or related goods and services to those offered by Primus Line in connection with its PRIMUS-Formative marks will continue to cause consumer confusion and harm to Primus Line's reputation in the marketplace.

58. The parties have been unable to resolve the dispute, which has led to this lawsuit.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
*Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)*

59. Primus Line incorporates by reference the allegations set forth above as though fully set out herein.

60. Defendant Primus Pipe uses the company name Primus Pipe and Tube, Inc. and Primus and uses the trademarks PRIMUS PIPE AND TUBE and P PRIMUS PIPE AND TUBE

(plus design) in commerce in connection with its advertising, promotion, and sale of the Primus Pipe and Tube Goods and Services without authorization from Primus Line, infringing upon Primus Line's PRIMUS-Formative marks.

61.     Defendant Primus Pipe's acts and conduct as set forth above likely have already caused and will continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Primus Pipe with Plaintiff Primus Line or as to the origin, sponsorship, or approval of Primus Pipe's goods, services, or commercial activities.

62.     Defendant Primus Pipe's unauthorized use of the Infringing PRIMUS Marks and company name constitutes trademark and trade name infringement in violation of Section 32(1) of the Lanham Act, codified at 15 U.S.C. § 1114(1).

63.     Defendant Primus Pipe's unauthorized use of the Infringing PRIMUS Marks and company name will result in harm to Primus Line's reputation and its goodwill in its PRIMUS-Formative marks in the marketplace.

64.     Defendant Primus Pipe's infringement of Primus Line's trade name and trademarks has been willful, wanton, reckless, and in total disregard of Primus Line's rights.

65.     By reason of the foregoing, Plaintiff Primus Line has suffered monetary damages and loss of goodwill.

66.     Defendant Primus Pipe's acts and conduct are causing irreparable injury to Primus Line, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins Defendant Primus Pipe's use of the Infringing PRIMUS Marks and company name.

67.     By reason of the foregoing, Plaintiff Primus Line has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

<u>**COUNT II**</u>
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
*Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a)*

68.     Primus Line incorporates by reference the preceding paragraphs above as though fully set out herein.

69.     Defendant Primus Pipe uses the Infringing PRIMUS Marks in commerce in connection with its advertising, promotion, and sale of the Primus Pipe Goods and Services without authorization from Primus Line.

70.     Defendant Primus Pipe's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Primus Pipe with Primus Line or as to the origin, sponsorship, or approval of Defendant Primus Pipe's goods, services, or commercial activities, and/or as to the nature, characteristics, or qualities of Plaintiff Primus Line's goods and services.

71.     Defendant Primus Pipe has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

72.     Defendant Primus Pipe's acts and conduct are causing irreparable injury to Primus Line, for which there is no adequate remedy at law, and will continue to do so unless this Court enjoins Defendant Primus Pipe's use of the Infringing PRIMUS Marks and company name.

73.     By reason of the foregoing, Primus Line has suffered monetary damages and loss of goodwill.

74.     Defendant Primus Pipe's conduct as described above has been willful, wanton, reckless, and in total disregard for Primus Line's rights.

75.     By reason of the foregoing, Plaintiff Primus Line has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

**COUNT III**
**UNFAIR COMPETITION**
*in Violation of Fla. Stat. § 501.204*

76.     Primus Line incorporates by reference the allegations set forth above as though fully set out herein.

77.     The acts complained of herein occurred primarily and substantially in the State of Florida because Defendant Primus Pipe actively conducts business in Florida.

78.     Defendant Primus Pipe is using the Infringing PRIMUS Marks in connection with the sale, offer for sale, and advertising and marketing of the Primus Pipe Goods and Services in commerce without authorization from Primus Line in an unlawful and unfair manner so as to create a likelihood of confusion among prospective purchasers as to the source of its goods and services, which acts have damaged and impaired the goodwill symbolized by Primus Line's PRIMUS-Formative Marks to its immediate and irreparable harm.

79.      As set forth above, Defendant Primus Pipe has engaged in unlawful business acts or practices, including trademark infringement, violations of the Lanham Act, and violations of Florida Statutes, all in an effort to gain an unfair competitive advantage by trading on Plaintiff Primus Line's efforts and reputation.

80.     As set forth above, Defendant Primus Pipe's acts constitute unfair competition and deceptive acts in violation of Fla. Stat. § 501.204.

81.     As a result of Defendant Primus Pipe's unlawful actions and practices, Plaintiff Primus Line has sustained economic damages, including but not limited to lost sales and profits, a

reduction in the value of Primus Line's PRIMUS-Formative marks, and being compelled to expend money to redress and prevent Defendant Primus Pipe's unfair competition.

82.    Defendant Primus Pipe's wrongful and infringing activities have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Primus Line's business, reputation, and goodwill.

83.    Defendant Primus Pipe has acted with full knowledge of, and a willful and conscious disregard for, Plaintiff Primus Line's rights.

84.    As a result of Defendant Primus Pipe's acts and conduct in violation of the Fla. Stat. § 501.204 as described herein, Plaintiff Primus Line is entitled to damages in an amount to be proven at trial, and an award of reasonable attorneys' fees and costs, as provided by statute.

**COUNT IV**
**TRADEMARK INFRINGEMENT**
*in Violation of Florida Common Law*

85.    Plaintiff Primus Line realleges and incorporates by reference the allegations set forth above as though fully set out herein.

86.    Plaintiff Primus Line owns and enjoys common law rights in its PRIMUS-Formative marks, which are superior to any rights which Defendant Primus Pipe may claim to any similar mark.

87.    Defendant Primus Pipe is using the Infringing PRIMUS Marks in Florida in connection with the sale, offer for sale, and advertising and marketing of the Primus Pipe Goods and Services in commerce without authorization from Primus Line.

88.    Plaintiff's PRIMUS-Formative marks are distinctive, and potential purchasers in Florida have come to associates pipes and tubes and related services offered under PRIMUS-Formative marks with Plaintiff Primus Line.

89.     Plaintiff's use of its PRIMUS-Formative marks predates Defendant's use of the Infringing PRIMUS Mark and the PRIMUS-Formative Marks have been in continuous use by Plaintiff Primus Line through the present date.

90.     Defendant Primus Pipe's unauthorized use of the Infringing PRIMUS Marks is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant Primus Pipe and Plaintiff Primus Line, and is likely to cause confusion, mistake, or deception, regarding the origin, sponsorship, or approval of Defendant Primus Pipe's goods, services, and commercial activities.

91.     Defendant Primus Pipe's acts and conduct as set forth herein constitute trademark infringement in violation of Florida common law.

92.     Defendant Primus Pipes's acts and conduct as set forth herein will result in harm to Primus Line's reputation and its goodwill in its trademark in the marketplace.

93.     Defendant Primus Pipe's acts and conduct in violation of Primus Line's rights as set forth herein have been willful, deliberate, and in bad faith.

94.     Defendant Primus Pipe's unlawful acts and conduct have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Primus Line's business, reputation, and goodwill.

95.     By reason of the foregoing, Plaintiff Primus Line has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

**COUNT V**
**UNFAIR COMPETITION**
*in Violation of Florida Common Law*

96.     Primus Line incorporates by reference the allegations set forth above as though fully set out herein.

97.    The acts complained of herein occurred primarily and substantially in the State of Florida because Defendant Primus Pipe actively conducts business in Florida.

98.    Plaintiff Primus Line owns and enjoys common law rights in its PRIMUS-Formative marks, which are superior to any rights which Defendant Primus Pipe may claim to any similar mark.

99.    Defendant Primus Pipe is using the Infringing PRIMUS Marks in Florida in connection with the sale, offer for sale, and advertising and marketing of the Primus Pipe Goods and Services in commerce without authorization from Primus Line.

100.    Plaintiff's PRIMUS-Formative marks are distinctive, and potential purchasers in Florida have come to associates pipes and tubes and related services offered under PRIMUS-Formative marks with Plaintiff Primus Line.

101.    Plaintiff's use of its PRIMUS-Formative marks predates Defendant's use of the Infringing PRIMUS Mark and the PRIMUS-Formative Marks have been in continuous use by Plaintiff Primus Line through the present date.

102.    Defendant Primus Pipe is using the Infringing PRIMUS Marks in connection with the sale, offer for sale, and advertising and marketing of the Primus Pipe Goods and Services in commerce without authorization from Primus Line in an unlawful and unfair manner so as to create a likelihood of confusion among prospective purchasers as to the source of its goods and services, which acts have damaged and impaired the goodwill symbolized by Primus Line's PRIMUS-Formative Marks to its immediate and irreparable harm.

103.    As set forth above, Defendant Primus Pipe has engaged in unlawful business acts or practices, including trademark infringement, violations of the Lanham Act, and violations of

Florida Statutes, all in an effort to gain an unfair competitive advantage by trading on Plaintiff Primus Line's efforts and reputation.

104.    Defendant Primus Pipe has acted with full knowledge of, and a willful and conscious disregard for, Plaintiff Primus Line's rights.

105.    As set forth above, Defendant Primus Pipe's acts constitute willful and deliberate unfair competition in violation of Florida common law.

106.    As a result of Defendant Primus Pipe's unlawful actions and practices, Plaintiff Primus Line has sustained economic damages, including but not limited to lost sales and profits, a reduction in the value of Primus Line's PRIMUS-Formative marks, and being compelled to expend money to redress and prevent Defendant Primus Pipe's unfair competition.

107.    Defendant Primus Pipe's wrongful and infringing activities have intended to cause, likely have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other harm to Plaintiff Primus Line's business, reputation, and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Primus Line respectfully requests this Court to grant the following relief, and any other relief the Court may deem proper:

A.    Enter a judgment in favor of Primus Line and against Primus Pipe declaring that Primus Pipe's use the Infringing PRIMUS Marks and company name infringes Primus Line's trademark and trade name rights in its PRIMUS-Formative marks in violation of federal, state, and common law;

B.    Order that registration of U.S. Application Nos. 98/122,987 and 98/122,977 must be refused and/or that any registration resulting from the applications must be cancelled, and

address its certified order to the USPTO, Office of the Solicitor, Mail Stop 8, Director of the USPTO, P.O. Box 1450, Alexandira, Virginia 22313;

C.    Permanently enjoin and restrain Primus Pipe, its officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Primus Pipe, from using the company name Primus and/or the Infringing PRIMUS Marks, and any mark containing the term PRIMUS, and/or any company name or mark that imitates or is confusingly similar to or in any way similar to the mark PRIMUS or the PRIMUS-Formative marks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the parties' respective products or services or connectedness of the parties;

D.    Direct Primus Pipe to file with this Court and serve on Primus Line's counsel within thirty (30) days after the service on Primus Pipe of the injunction, a report in writing under oath setting forth in detail the manner and form in which Primus Pipe has complied with the injunction;

E.    Order Defendant Primus Pipe to account and pay over to Plaintiff Primus Line all gains, profits, and advantages resulting from its unlawful conduct, the damages which Plaintiff Primus Line has sustained by reason of the conduct alleged herein, or such other sum as the Court shall find to be just under 15 U.S.C. § 1117, Florida law, and other applicable law, plus prejudgment interest and putative damages under Florida law;

F.    Allow Plaintiff Primus Line permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits, as provided in 15 U.S.C. § 1117;

G.    Order Defendant Primus Pipe to pay a sum totaling three times the compensatory damages for its intentional violation of Florida Statues, as provided for in 15 U.S.C. § 1117 and/or other applicable law;

H.    Order Defendant Primus Pipe to pay pre-judgment interest on Plaintiff Primus Line's damages, as provided in 15 U.S.C. § 1117, and other applicable law;

I.    Order Defendant Primus Pipe to pay the cost of this action, as provided by 15 U.S.C. § 1117 and other applicable law;

J.    Order Defendant Primus Pipe to pay Plaintiff Primus Line's reasonable attorneys' fees, as provided by 15 U.S.C. § 1117 and other applicable law;

K.    Order Defendant Primus Pipe to compensate Plaintiff Primus Line for all of its actual monetary damages caused by Primus Pipe's violation of Fla. Stat. § 501.204 and to pay the costs of this action and Primus Line's attorneys' fees, as permitted under Fla. Stat. § 501.2105.

L.    Order Defendant Primus Pipe to deliver up for destruction pursuant to 15 U.S.C. § 1118 all packaging, labels, signs, prints, advertising or promotional material, and the like in the possession custody or under the control of Primus Pipe bearing any of the Infringing PRIMUS Marks, or any other trademark confusingly similar to the mark PRIMUS or the PRIMUS-Formative marks; and

M.    Grant to Primus Line such further relief as this Court deems just and proper.

## **JURY DEMAND**

Under Fed. R. Civ. P. 38, Primus Line demands a trial by jury on all issues so triable.

OF COUNSEL:

Sharona H. Sternberg
Katherine W. Soule
Sunstein LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ssternberg@sunsteinlaw.com
ksoule@sunsteinlaw.com

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III  (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Plaintiffs*

Dated:  October 18, 2024